UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| REBECCA SUE TEECE; and RICHARD KIMBALL TEECE, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES INTERNAL REVENUE SERVICE, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTIONS TO JOIN DEFENDANTS (DOC. NOS. 56–60)** <br><br> Case No. 2:25-cv-00322 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Believing they were improperly prosecuted for tax evasion, Rebecca and Richard Teece filed this action against several defendants, including the State of Utah, the Utah Attorney General's Office, Utah's Third District Court, and the Utah State Tax Commission (the State Defendants).[1]  The Teeces asserted claims against the State Defendants under 42 U.S.C. § 1983 for due process violations, unlawful arrest of their son, and unlawful takings, as well as claims for violations of federal criminal statutes and various state laws.[2]  The State Defendants moved to dismiss these claims for failure to state a claim and lack of jurisdiction.[3]  Because the Teeces lacked standing or

---

[1] (Compl., Doc. No. 1.)  The Teeces proceed without an attorney.

[2] (*Id.* at 14–15, 21, 23–26 (claims for constitutional civil rights violations); *id.* at 15–20, 22–23 (claims under federal criminal statutes); *id.* at 10–14, 20–22 (state law claims).)

[3] (State Defs.' Mot. to Dismiss, Doc. No. 25; State Defs.' Suppl. Br. in Supp. of Mot. to Dismiss, Doc. No. 54.)

otherwise failed to state claims against the State Defendants, the undersigned recommended dismissal.[4]  The district judge adopted this recommendation and dismissed the Teeces' claims against the State Defendants.[5]

The Teeces have now moved to join individual defendants to this case under Rule 20(a) of the Federal Rules of Civil Procedure, including: Judge Linda Jones of Utah's Third District Court, who presided over the state tax evasion case, Assistant Utah Attorney General Holly Cocco, who prosecuted the case, two investigators for the Utah Tax Commission, Gregory Knight and Norman Bernardo, and other, unnamed individuals.[6]  The Teeces argue the claims involving these individuals arise from the same events underlying the "existing claims in this matter" under the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments and "necessarily involve[]

---

[4] (R. & R. to Grant Defs.' Mots. to Dismiss (R. & R.), Doc. No. 61.)

[5] (Docket Text Order Adopting R. & R., Doc. No. 72.)

[6] (Mot. to Join Gregory Knight as a Def. Party, Doc. No. 56; Mot. to Join Holly Cocco as a Def. Party, Doc. No. 57; Mot. to Join 1–20 John Does & Jane Does as a Def. Party, Doc. No. 58; Mot. to Join Linda Jones as a Def. Party, Doc. No. 59; Mot. to Join Norman Bernardo as a Def. Party, Doc. No. 60.)

overlapping evidence, testimony, and legal analysis."[7]  In each motion, the Teeces seek

leave "to file an Amended Complaint reflecting such joinder."[8]

These joinder motions are improper.  When a plaintiff seeks to add defendants to

a pending action, the proper vehicle is a motion to amend the complaint under Rule 15.[9]

This is true even though "amendments adding parties may involve consideration of

[Rule] 20, governing permissive joinder."[10]  Moreover, plaintiffs seeking to amend their

complaint must file their proposed amended complaint as an exhibit to their motion.[11]

Here, the Teeces seek to add individuals that were involved in the state tax evasion

proceedings against them.  Although those proceedings generally formed the basis of

the Teeces' claims against the State Defendants, those claims have been dismissed

---

[7] (Mot. to Join Gregory Knight as a Def. Party, Doc. No. 56 at 2; Mot. to Join Holly Cocco as a Def. Party, Doc. No. 57 at 2; Mot. to Join 1–20 John Does & Jane Does as a Def. Party, Doc. No. 58 at 2; Mot. to Join Linda Jones as a Def. Party, Doc. No. 59 at 2; Mot. to Join Norman Bernardo as a Def. Party, Doc. No. 60 at 2.)  Where the Teeces' motions do not include page numbers, references are to the CM/ECF pagination.

[8] (Mot. to Join Gregory Knight as a Def. Party, Doc. No. 56 at 3; Mot. to Join Holly Cocco as a Def. Party, Doc. No. 57 at 3; Mot. to Join 1–20 John Does & Jane Does as a Def. Party, Doc. No. 58 at 3; Mot. to Join Linda Jones as a Def. Party, Doc. No. 59 at 3; Mot. to Join Norman Bernardo as a Def. Party, Doc. No. 60 at 3.)

[9] *See U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) ("A motion to add a party is governed by Fed. R. Civ. P. 15(a)."); *Neighbors v. Lawrence Police Dep't*, No. 15-cv-4921, 2016 U.S. Dist. LEXIS 91363, at *10 n.2 (D. Kan. July 12, 2016) (unpublished) ("Rule 20 governs the permissive joinder of parties. But, when a plaintiff seeks to add a party to the case, [Rule] 15 controls because it is actually a motion to amend." (citation omitted)).

[10] *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

[11] *See* DUCivR 15-1(a)(1).

from this case.  And even if they remained, it is unclear which claims the Teeces seek to raise against which proposed individual defendant.  Compounding the confusion, the Teeces' motions incorrectly suggest their claims against the State Defendants included claims for First, Sixth, Seventh, and Eighth Amendment violations.

Ultimately, the Teeces seek leave to amend their complaint to add individual defendants (and possibly new claims against those individuals).  Indeed, each motion requests such relief.  But the Teeces fail to address Rule 15.  And they do not provide a proposed amended complaint.  Without this, the court cannot assess the propriety of their request.[12]  Accordingly, the motions are denied without prejudice to refiling an appropriate motion to amend accompanied by a proposed amended complaint.

CONCLUSION

The motions[13] are denied without prejudice.  The Teeces may file a motion to amend along with a proposed amended complaint identifying each defendant, the actions they allegedly took, the specific claim(s) asserted, and the specific relief sought.

DATED this 1st day of May, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[12] *See, e.g.*, *Shaw v. T-Mobile*, No. 18-2513, 2020 U.S. Dist. LEXIS 61620, at *12–13 (D. Kan. Apr. 8, 2020) (unpublished) (denying motion to join defendants without prejudice where a pro se plaintiff failed to submit a proposed amended complaint or sufficiently explain how each proposed defendant related to her claims).

[13] (Doc. Nos. 56, 57, 58, 59, & 60.)